①

United States District Court for
the District of Massachusetts

United States of America )
    Plaintiff

)

)    Case No:

V    )    1.21 CR. 100-35-GAO

)

Faith Newton )
    Defendant )

Defendant's Response to the Governments'
Opposition to the Defendants' motion
for Release of Funds to Hire an
Attorney

The Defendant submits this response
to the government's opposition at the
request of the court. The defendants'
motion was Approved in open court at the
status conference held on July 28, 2022.
After the Defendants' ~~monti~~ motion was
approved by the Magistrate, the government
requested that the Magistrate not enter the
order as the government "needed to check
with Carol to see what funds can be released."
The Magistrate appears to have withheld the
order, despite the verbal ~~or~~ order in open

(2)

court to allow the defendant's motion. The
defendant took notes during the hearing and
asserts the following quote by the Magistrate:
"Motion to Release Money for Ms. Newton is
Allowed to hire attorney with extent that
the government is ordered to release (529B)
college funds for the children."
   The government did not oppose the release of
funds during the hearing and, in fact, did
not file an Opposition until August 4, 2022,
a full week AFTER the Magistrate's ruling.
The Defendant was not served with a
copy of the opposition.
   At the next scheduled status conference
on August 11, 2022, the defendant asked
why funds had not yet been released. The
Magistrate informed the defendant that
funds were not released because she (the
Defendant) had not responded to the government's
opposition.
   Although a response to the governments
opposition is not required by law of by
the Rules of Criminal Procedure, and
despite the fact that the government did
not oppose the Defendants' motion until
seven (7) days AFTER the Magistrate's ruling



to Allow the Defendant's Motion, the defendant
submits this ~~oppos~~ response at the Courts' request
and takes the position that local rules and
Federal Rules of Criminal Procedure prevent the
"re-ajudication" of an issue once a ruling
has been made. As such, and because the
Motion was Allowed by Magistrate Kelley
in open court on July 28, 2022, it is the
defendant's position the the government's
Opposition is moot.

The following is provided at the request of
the court.

## Choice of Counsel

The Sixth Amendment encompasses "the
right to select and be represented by
one's preferred attorney." see Wheat v. United
States, 486 U.S. 153, 159 (1988), United States
v. Bubar, 567 F.2d 192, 203 (2nd Cir. 1977)
Unlike a claim of ineffective assistance of
counsel that requires a showing of prejudice
and is thus subject to harmless error analysis
"a choice of counsel violation occurs
whenever the defendant's choice is wrongfully
denied." see United States v. Gonzalez-Lopez,
548 U.S. 140, 150 (2006) - choice of counsel



violation" unquestionably qualifies as
'structural error' [ in that ]... harmless
error analysis in such a context would be a
speculative inquiry into intangibles, such as
style and relations with prosecutors, that
might have affected alternative representation".)
    While a defendant may not insist on
representation by an attorney who will be
paid by tainted assets subject to forfeiture
that have been seized following conviction,
see Caplin + Drysdale, Chartered v. United States,
the defendant is pre-trial and has not
been convicted.
    Additionally while a defendant may not
insist on representation paid by tainted
assets that have been frozen befor trial
(United States v. Monsanto), the right to
choice of counsel received an important boost
by a plurality of the Supreme Court in
Luis v. United States (2016). In Luis, the
Court rejected the notion that the
government's interest in freezing assets to
preserve funds for restitution and financial
penalties in case of conviction trumped
the right to retain counsel of choice
with untainted funds, thereby placing

⑤

a significant limitation on the governments'
ability to restrain assets in a pretrial
setting. See Luis v. United States 136
S.Ct. 4086.

Use of Erroneous Statute to Wrongfully
Assert that the Defendant's Frozen Funds
Are "Tainted":

Luis v. United States involved a
pretrial ex parte asset freeze pursuant to
18 U.S.C.S. 1345, applicable to alleged
violations of healthcare or banking laws.
The defendant's funds, restrained by
Section 983(j)(1)(A) and opposed for release
by the government citing Section 853, require
that funds are shown to be tainted under
a relation-back theory which assets vest
title in the government 'as of the date
of the criminal act in question.' See
Caplin, 491 U.S. at 628 (quoting drug
forfeiture statute, 21 U.S.C.S. 853.
The government frazer froze the defendant's
funds under a statute 983(j)(1)(A) and
cites in its Opposition 853 (drug forfeiture)
neither of which apply to the defendant
or her charges.



The Supreme Court, in <u>Luis v. United States</u>, found that assets restrained were untainted <u>and therefore, belonged to the defendant.</u> Correcting the courts previous error, as it is obligated to do, will correct the record to freeze funds under 18 U.S.C.S. 1345, applicable to violations of healthcare and banking laws, and requires the funds be considered untainted as found by Luis v. United States, and therefore, <u>must be released.</u> (see Luis 136 S.Ct. at 1090). United States v. Banco Cafetero Panama, 797 F.2d 1154, 1159-60 (2ⁿᵈ Cir. 1986) provides the case law and precedent for discussion of "traceable proceeds" of tainted funds.

    To ignore case law and precedent is to ignore the very basis of the American Justice System and to ignore the Constitutional protections granted under Equal Protection clauses ~~and Amen~~ ensured to all Americans.

    The government continues to use erroneous Statutes as its Modus Operandi to wrongfully indict, wrongfully detain, and wrongfully freeze and seize assets. The government, I believe and for which probable cause exists,

⑦

is also colluding with Wyatt Detention Center and/or its employees, to hamper the defense by limiting access to discovery, by invading the defendant's privacy by monitoring phone, messaging, and internal kiosk communications without probable cause, and solely for the purpose(s) of obstructing justice and inhibiting the defendant's access to court. A fraudulent copy of a Grand Jury subpoena was issued to Wyatt Detention Center in July 2021 solely for the purpose of obtaining recordings of the defendant speaking via phone and video call to her husband and children. The fraudulent Grand Jury Subpoena was used by AUSA Hemani because there was no probable cause to obtain a warrant. Certainly, the defendant was not a target of a Grand Jury subpoenaed in July 2021 as she was already indicted in January 2021. A copy of the fraudulent subpoena intended to deceive Wyatt Detention Center is available among the discovery provided to the defendant. This "subpoena" did not appear until the defendant discussed the release of her calls and video visits with other detainees, the government issued a

fraudulent Grand Jury subpoena to provide Wyatt
with legal protection for violating the defendant's
pretrial right to privacy and to ensure compliance
with its own policies. The deceptive use of
a fraudulent Subpoena provided the video visits
and calls that the government used to argue
the defendant's continued detention. As such,
the content of those calls and videos were not
legally obtained, were fruit of the poison tree,
and should not have been considered by this
court during a previous detention hearing. The
government's deceptive issuance of a
Subpoena for a Grand Jury that does not
exist to obtain phone and video recordings
gives probable cause to believe that other
government issued (by AUSA Hemani) subpoenas
(for witnesses, witness statements, bank statements,
etc.) were also crafted for a Grand Jury that
did not exist, giving credence to the defendant's
claims of fictitious charges and fraudulent
indictment. A provable, matter of fact exists
that AUSA Hemani has provided a fraudulent
Grand Jury subpoena with the intent to
deceive at least one time (to Wyatt).
What makes this court believe it hasn't happened
previously, as argued by the defendant, repeatedly

and in multiple filings, before even becoming
aware of the fraudulent subpoena issued to
Wyatt? The government's outrageous conduct
in this case will be the focus of the defense
at trial, which will not occur if District
Judge O'Toole adheres to the law.

Dispositive Motions Pending

Several dispositive motions for which
dismissal of the indictment against the defendant
requires dismissal as a matter of law are
currently pending before the District Judge and
MUST be ruled on prior to trial. Significant
case law and precedent exist and the
indictment of the defendant MUST be
dismissed as a matter of law rendering
continued refusal to release funds a
moot point.

Availability of Funds

The Affidavit of Special Agent Elizabeth
Keating provided to the court in support of
the government's Opposition is provided by
an Agent of the Internal Revenue Service (IRS).
The I.R.S. is not the Department of Justice
and an affidavit by an Agent of the I.R.S.

(10)

amounts to testimony before this court that
violates the defendant's right to confrontation.
The U.S. Constitution and Fed. R. Crim. P.
clearly prevent the court's consideration of
testimony by a witness who the defendant
is not able to confront by cross. The
government should know better than to include
testimony in its ~~off~~ opposition to the
Defendant's motion, nevertheless, the
defendant emphasizes that the available
funds balances listed by the I.R.S. Agent
were accurate as of February 21, 2021,
nearly a year and a half ago and the
defendant asserts the balances are not
current. It is also important to note
that NONE of the listed accounts belong
to (owned by) Newton. The accounts listed
are either owned and controlled by family
members or are business accounts, all
uncharged and unindicted, and NONE having
any financial obligation to pay for
Newton's legal defense. Nevertheless, the
defendant asks this court to suppress
the affidavit and to ignore its contents
as it amounts to testimony in violation of
the defendant's Constitutional Right to confront.

## "Weaponization" of Defendant's Need For, and Right to Counsel

The government, in collaboration with and in collusion with court appointed stand-by counsel, continues to weaponize the need for an adequate defense. The government continues to attach deceptive statutes to pretrial forfeiture allegations, and skirt the requirements of notification and need to renew restraining order(s) on funds and properties derived from untainted funds in an effort to oppose release of funds and prevent the defendant from hiring non-colluding counsel who might disclose the government's unlawful scheme. Further, the defendant asserts that an investigation of funds restrained by the government ex parte the day after her indictment on fictitious charges, will likely show that funds have already been unlawfully seized, prior to conviction and without notice to owner(s) of record. The defendant asserts that investigation into the pre-mature forfeiture of funds will show that the government and defense counsel (current and past) never followed rules of criminal or civil procedure and indicted the defendant with the intention to do whatever is necessary, including unlawfully detaining her, to

ensure she is never released or found not guilty and to ensure that her indictment, despite the law, is never dismissed.

Currently appointed stand-by counsel continues to over step the duties required and defined as "stand-by," and continues to engage with the court on the defendant's behalf, over her objections. The attached letter, privilege explicitly waived by Newton, will show that counsel engaged in conversation with Judge Kelley outside of court to discuss my release where Judge Kelley indicated "she would consider releasing me (the defendant) — if I (the defendant) hire a lawyer ...." The judge also apparently recognized "the need for Internet access to "assist with defense." Because I am exercising my constitutional right to proceed Pro Se, I will not be assisting with my defense, but enabling the entire process of defense. According to the letter, I am being compelled, through being required to hire an attorney, prior to being released and unconstitutionally as a condition of release. While I intend to utilize released funds to hire an attorney, the defendant will not do so until AFTER

(14)

Judge O'Toole rules on dispositive pretrial
motions. Law requires the dismissal of the
indictment. Funds provided to an attorney
prior to ruling will result in waste of already
limited resources of the defendant due to
lengthy unlawful detention. Attorney Kerner
also states that "you (the defendant) need to
have someone explain to the judge how
having unconstrained access to Axxess is
important to your defense." Because I am
Pro Se, if the court needs this information,
it can schedule an evidentiary hearing to
ask the defendant and inquire of the database
contents. The patient database contains the
crux of the government's healthcare fraud case
and, in fact, is required to be provided to the
defendant in a format that is presentable to
the jury in accordance with the Federal Rules
of Evidence (FRE). The government cannot
place cloud based records into evidence as
exhibits, and thus, has not disclosed how
it intends to utilize the information contained
therein to prove its case. The database
is exculpatory, proves the records provided to
the government by its key witness was stolen
and forged, and the government failed to

authenticate documents it use to indict the
defendant. The same documents were refused
~~by~~ for prosecution under Massachusetts United
States Attorney Carmen Ortiz in 2015.
   The attached letter from Attorney Kerner, in
the third paragraph, states that funds are
available for the defendant to hire an attorney
but does not state where or how to access those
funds. The letter also states that an attorney
will not be appointed unless," you submit a
complete and truthful financial affidavit which
discloses assets in the U.S. and outside the
country." and further states" You will be
questioned under oath about what was done
with any funds the government knows you
wired out of the country."
   Attorney Kerner, appointed as stand-by counsel,
should know that assigning court appointed counsel
may not be conditioned upon the completing of
financial affidavits, (United States v. Aven )
Further, Attorney Kerner states that appointment
of counsel is contingent upon my being questioned
by the government, in violation of my Fifth
Amendment rights, and under threat by the
government, "Ray", "Brad", "Paul", and Attorney
Kerner of further criminal exposure per Kerner's

letter. Mr. Kerner also states that "a truthful one (financial affidavit) will establish that you (the defendant) are not entitled to one (court appointed lawyer). Attorney Kerner is not now nor has he ever had any discussion with me about finances, can not possibly know what funds I have available, and can only be using this statement to prevent me from requesting or obtaining counsel. Being told by my own stand-by counsel that I must chose between my Fifth Amendment Rights and my right to counsel is an egregious violation of his duty to protect and defend my rights and can only be construed as his willfulness to engage as a "government agent" to further deceive me and leave me without counsel. The government had years prior to indictment to investigate any foreign assets it believes is owned by the defendant or to question the defendant before a Grand Jury. It did neither, and is now using my right to counsel as a ~~tool~~ way to compel me to provide answers and fill holes in its case as a result of sloppy, or even non-existant, investigative work prior to indictment. The government

opposes release of funds held ex parte under
an erroneous statute for drug forfeiture that
does not apply and has continuously threatened
the defendant through collusion with nefarious
defense counsel with additional charges if
counsel is appointed by the court. All of this
as a result of the court's allowance of the
withdrawal of previous defense counsel,
having already paid $350,000 for only one year
with no accounting or investigation performed
by the defense, despite claiming all $350,000
in funds have already been expended.
The deceitful conduct by the government in
this case is obvious.

### CONCLUSION

The government's unethical use of fraudulent
Grand Jury subpoenas to obtain documents it is
not otherwise entitled to, supposedly signed by
Andrew Lelling in July 2021, five months after
he left office, demonstrates the governments
willingness to discard its ethical, moral, and
professional obligations in this case. The law
requires immediate release of funds (Luis v. U.S.)
and justice requires reporting of the unlawful acts
by the government to proper authorities.

DATE: 8/21/22                    Respectfully Submitted