UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2022 AUG 32  A 9: 57

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v | ) | CASE NO. 1:21 CR. 100 35-GAO |
| | ) | |
| FAITH NEWTON, | ) | |
| Defendant | ) | |
| | ) | |

## MOTION TO DISQUALIFY THE PROSECUTOR AND TO HAVE THE PROSECUTOR REMOVED

Now comes the Defendant Faith Newton, in her Pro Se capacity, in the above cause moves the Honorable Court to make judicial notice of all facts raised with said motion and now asks the court to use its supervisory powers to disqualify and remove the prosecutor for violations of the defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments, and under the Federal Rules of Evidence.

Under the Federal Rules of Evidence (FRE), Section 1925, a Neutral and Detached Magistrate is required in all cases. The FRE Section 1924 states that "neutrality and detachment entails and requires severance and disengagement from activities of law enforcement". **Connection with law enforcement activity distorts the independent judgment that the Fourth Amendment requires.** The Supreme Court has held that a state Attorney General be disqualified from issuing search warrants in a case because he "was actively in charge of the investigation and later became the chief prosecutor." *Johnson v. United States.* "Prosecutors and police officers simply cannot be asked to maintain requisite neutrality with regard to their own investigations – the competitive enterprise [of ferreting out crime] that must rightly engage their single-minded attention."

The prosecutor's involvement in this case outside of the courtroom supports the defendant's argument for her removal as issues may arise in this context because the prosecutor was actively

involved in the investigation of the defendant's case by interviewing several witnesses and authorizing searches and seize without a warrant. See Exhibit 1 and Exhibit 2 (bate stamp numbers USAO-00607358, USAO-00607359, and USAO-00607362) where Assistant United States Attorney (AUSA) Rachel Hemani sent requests to the Joint Terrorism Task Force (JTTF) at Logan Airport on two separate occasions on 05/02/2017 and 07/30/2017 and specifically requested through the JTTF "emphasizing standard exam with electronics inspection <u>without alerting subject to the current investigation</u>."

The defendant and her husband were arriving home by airplane from Kenya, Africa to Boston, Massachusetts on both occasions during which Boston TTRT was contacted by AUSA Hemani who provided the exact date, time, and flight number on which the defendant and her husband would arrive. This information would not have been known to the prosecution but for illegal surveillance of the defendant. Additionally, AUSA Hemani has personally participated in witness interviews, extensive discussions with others surrounding the defendant's financial status and assets, and other aspects of the investigation of the defendant.

Although a prosecutor is an advocate for the government, outside motivations or biases should not influence how the prosecutor proceeds in a criminal case. *Gallo v. Kerna*, 933F.supp 878 (N.D. Cal. 1996). The due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States are violated where it appears that the prosecutor has personal interest in the outcome of the litigation. AUSA Rachel Hemani is a long-time personal family friend of the plaintiff, Syed Hussein Jr, in a current $10 Million Dollar civil suit against the defendant. Both the civil and criminal cases against the defendant are being presided over by the same district judge, Honorable Judge George A. O'Toole. The plaintiff's father, Syed Hussein Sr., is well-known in the Attorney General's Office and was actively involved in the campaign of State Representative Nikki Tsongas. He is well known in political circles and a hearing should be held to determine what relationship exists between AUSA Hemani and the plaintiff's in the ongoing $10 Million Dollar civil suit against the defendant.

Significant documentation exists linking FBI Special Agent Janette Hernandez, extensively involved in the criminal investigation of the defendant, to the same current $10 Million Dollar

civil suit against the defendant. In fact, the defendant was provided with documentation in her limited discovery that specifically shows that FBI Special Agent Janette Hernandez participated in meetings with the plaintiffs to discuss and advance the civil suit against the defendant raising questions of the potential for undisclosed involvement in the civil suit by AUSA Hemani and SA Hernandez whereby they may stand to benefit financially from the civil suit against the defendant if NEWTON stands convicted of the charges against her.

**Because of the prosecutor's extensive and active participation in the investigation of the defendant's criminal case, and potential participation in the advancement of the ongoing civil case against the defendant, AUSA Hemani may in fact become a necessary witness for the defense at both the pending criminal and civil trials.** <u>If the prosecutor is allowed to continue to prosecute the criminal case, her prosecution and statements may arise to that of an unsworn witness in the prosecution. Under these circumstances, rules of professional responsibility come into play because of the concern that the prosecutor will not be viewed as other witnesses by the jury, but as having greater credibility. Such an outcome would prejudice the jury against the defendant and violate her right to a fair trial.</u>

In addition to the above, it is also appropriate for the defense to move for the prosecutor's removal where her pretrial conduct violates accepted standards. Questions surrounding the AUSA's knowledge and participation in illegal surveillance of the defendant and her husband, potential personal financial interest in the outcome of the ongoing civil suit against the defendant, extensive involvement in the criminal investigation of the defendant barring her from the necessary neutrality and detachment needed for prosecution, and potential violation of A.B.A. rules and ethical standards require immediate removal of the prosecutor from this case.

DATE: 08/30/2022

Respectfully Submitted,

By: Faith Newton, DEFENDANT, Pro Se
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Date: 8/30/2022

## Certificate of Service

I hereby certify that on 08/30/2022 this document, addressed to the Clerk of the Court was placed in the I-pod mailbox for outgoing mail, as is customary for detainees at DWDF and the mailroom was notified to deduct postage costs from the Defendant's commissary account.

By: Faith Newton, DEFENDANT, Pro Se

(1) motion to Disqualify the prosecutor and to have prosesutor removed.