**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 21-cr-10035-ADB |
| FAITH NEWTON, | |
|    Defendant. | |

**DEFENDANT'S MOTION TO EXCLUDE THE GOVERNMENT'S**
**SUMMARY EXHIBITS 715.03, 715.12, 715.13, 715.14, 715.15, 715.16**

Defendant Faith Newton ("Ms. Newton") hereby moves to exclude the following six

summary exhibits on the government's Exhibit List because they are not relevant to the counts

charged against Ms. Newton and pose a risk of unfair prejudice under Fed. R. Evid. 403.

In furtherance hereof, Ms. Newton states as follows:

1.      The government's Exhibit List includes the following documents, listed below

with the government's descriptions thereof and hereinafter referred to as the "Subject Exhibits":

| Government Exhibit Number | Description |
|---|---|
| 715.03 | Summary Chart: Lorna Thagichu Skilled Nurse Visit Notes for A. G. |
| 715.12 | Summary Chart: Adams Kinyanjui Skilled Nurse Visit Notes for O. O. (5/23/14-6/18/14) |
| 715.13 | Summary Chart: Adams Kinyanjui Skilled Nurse Visit Notes for O. O. (6/21/14-7/27/14) |
| 715.14 | Summary Chart: Aloise Njenga Skilled Nurse Visit Notes for R. L. (8/30/14-7/11/15) |
| 715.15 | Summary Chart: Aloise Njenga Skilled Nurse Visit Notes for R. L. (10/10/14-10/30/14) |
| 715.16 | Summary Chart: Aloise Njenga Skilled Nurse Visit Notes for R. L. (11/8/14-12/9/14) |

2.      The Subject Exhibits are summary exhibits that contain excerpts from skilled nurse visit notes related to various patients.  None of these excerpts were taken from documents that are on the government's current exhibit list or are otherwise admissible.

3.      "Evidence admitted under Rule 1006 must be otherwise admissible and remains subject to the usual objections under the rules of evidence and the Constitution."  *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) (citing 31 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 8043, at 521-22 (2000)) ("Most notably, Rule 1006 evidence normally is objectionable if the voluminous source material on which it is based is inadmissible.").

4.      These nurses who authored the excerpts from the Subject Exhibits are Lorna Thagichu, Adams Kinyanjui and Aloise Njenga.[1]  None of these nurses have appeared on any iteration of the government's witness list, and the government has presented no evidence about who these nurses were or whether they even knew Ms. Newton (or any other alleged coconspirator).  Their sole relationship to the charged conspiracy is their employment at Arbor.

5.      The government seeks to introduce the Subject Exhibits to illustrate that certain notes were repeated in patient records, but this point can be readily made by other documents in evidence that have greater relevance to the crimes charged (*i.e.*, patient notes authored by Ms. Newton or her codefendant, Ms. Waruru).

---

[1] The government maintains that these documents are not being admitted for their truth, and therefore no hearsay exception needs to apply for their admission.  However, to the extent any portion of the Subject Exhibits are being admitted for their truth (patient visited, date of visit, etc.), no hearsay exception applies, and they are inadmissible on this basis.  None of the Subject Exhibits are signed by someone identified by the government as an unindicted coconspirator. Fed. R. Evid. 801(d)(2)(A), 801(d)(2)(E).

6.      Without additional evidence connecting the authors of these notes to the charged

conspiracy, these notes have at most minimal relevance to the charges here.  The introduction of

additional summary exhibits referencing new, previously unidentified HHAs and nurses has the

potential to confuse the jury and prejudice Ms. Newton.  Given the volume of Arbor records

already admitted in this case, allowing these documents – documents not signed by Ms. Newton,

her co-defendant, or any unindicted coconspirator – the probative value of these exhibits is

substantially outweighed by the danger of unfair prejudice, undue delay, wasting time, and

needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

## CONCLUSION

For the reasons stated herein, this Court should exclude the Subject Exhibits.


Respectfully submitted,

/s/ *George W. Vien*
George W. Vien (BBO # 547411)
Michelle R. Pascucci (BBO #690889)
Nathaniel R.B. Koslof (BBO # 691094)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
gwv@dcglaw.com
mrp@dcglaw.com
nrbk@dcglaw.com

## LOCAL RULE 7. 1 CERTIFICATION

Pursuant to Local Rule 7.1, I certify that I conferred with counsel for the government and

attempted in good faith to resolve or narrow the issue.

/s/ *George W. Vien*
George W. Vien

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF),
on July 5, 2023.

/s/ *George W. Vien*
George W. Vien