# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

FAITH NEWTON,

   Defendant.

21-cr-10035-ADB

## DEFENDANT'S SUBMISSION CONCERNING PROPOSED JURY INSTRUCTIONS

     Defendant Faith Newton ("Ms. Newton") hereby requests that this Court instruct the jury pursuant to the proposed jury instructions as set forth herein.

     **First**, Ms. Newton requests that the Court issue the following jury instruction in place of the version of this same jury instruction that she proposed as part of her submission on June 5, 2023. D.E. 370-1, ¶ 15. This version of the instruction is refined to specifically mention the name of the cooperating witness (referred to herein as "WW") and tracks language approved in this district and by the First Circuit Pattern Criminal Jury Instructions.

> You have heard testimony of WW, who provided evidence under an agreement with the government. Some people in this position are entirely truthful while testifying. Still, you should consider the testimony of a cooperating witness with particular caution. WW may have had reason to make up stories or exaggerate what others did because she wanted to help herself. A witness who realizes that she may be able to obtain her own freedom, receive a lighter sentence or obtain other benefits from the government by giving testimony favorable to the prosecution has a motive to testify falsely. You must determine whether the testimony of WW has been affected by any interest in the outcome of this case, any prejudice for or against the Defendant or by any of the benefits she has received from the government as a result of having an agreement with the government. You may consider her guilty plea in assessing her credibility, but you are not to consider her guilty plea as evidence against this defendant, Ms. Newton, in any way.[1]

---

[1] Adapted from *United States v. Ponzo*, Case No. 97-cr-40009-NMG, Jury Trial Transcript Day Twenty-Two, at 22-139 – 22-141 (D. Mass. Feb. 3, 2014); First Circuit Pattern Criminal Jury Instruction 2.08.

**Second**, Ms. Newton requests that the Court issue the following additional jury instruction concerning the federal sentencing guidelines. This instruction is necessary in light of testimony concerning WW's plea agreement and will allow the jury to properly assess the benefit she received as a result of her cooperation with the government.

> You have heard evidence regarding the federal sentencing guidelines and how they might inform the sentence of Ms. Newton's codefendant, WW. The federal sentencing guidelines are a set of non-binding rules to provide uniform sentencing policy in federal court. The guidelines provide for the calculation of a sentencing guideline range based on the crime and the defendant's criminal history.
>
> In fraud cases, the sentencing judge must determine the intended or actual loss amount and use whichever is greater. In making the determination of intended or actual loss, the judge must figure out the amount of intended or actual loss that was reasonably foreseeable to the defendant in connection with the undertaken criminal activity.
>
> Although they are not binding on the sentencing judge, the judge must calculate the sentencing guidelines and use them as a starting point in fashioning an appropriate sentence for the defendant.

**Third**, Ms. Newton opposes the government's revision to her previously proposed jury instruction concerning regulations (*i.e.*, that regulatory violations are not crimes), D.E. 370-1, ¶ 30, and opposes the government's effort to insert language from *United States v. Galatis*, D.E. 431. The complete instruction proposed by Ms. Newton is consisted with well-established First Circuit precedent and is both appropriate and sufficient. *See United States v. Munoz-Franco*, 487 F.3d 25, 66 (1st Cir. 2007).

**Fourth**, the government's request for an instruction suggesting to the jury that it need not be unanimous in its verdict is unsupported by the law and should be rejected. Such an instruction would poses the risk that the jurors will believe that they could convict her of any of the crimes charged without their unanimous agreement as to each element. This is not the law, and the notion of an "anti-unanimity instruction" should be rejected.

Moreover, the cases cited by the government do not support its request for this instruction. In the chief case cited by the government, *United States v. LaPlante*, the First Circuit affirmed a conviction where the district court "fail[ed] to give a specific unanimity instruction on which particular false statement alleged in the indictment was used to carry out the fraud." 714 F.3d 641, 647 (1st Cir. 2013). But excusing the district court's failure to give a "specific unanimity instruction" is categorically different than authorizing it to affirmatively issue what would effectively be an "anti-unanimity instruction." This instruction is unsupported by applicable law and the government's request for this instruction must be denied.

Respectfully submitted,

/s/ *George W. Vien*
George W. Vien (BBO # 547411)
Michelle R. Pascucci (BBO #690889)
Nathaniel R.B. Koslof (BBO # 691094)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
gwv@dcglaw.com
mrp@dcglaw.com
nrbk@dcglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on July 5, 2023.

/s/ *George W. Vien*
George W. Vien