UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| FAITH NEWTON, | * | Criminal Action No. 21-cr-10035-ADB |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On August 14, 2023, Magistrate Judge Jennifer C. Boal entered an Order in which she denied Defendant Faith Newton's motion to modify "her conditions of release to remove the condition that she be subject to location monitoring and 24/7 home confinement." [ECF No. 481 (the "Order")]. Before the Court is Defendant's August 22, 2023 appeal of that decision, [ECF No. 482 (the "Appeal")], and Defendant's motion for a hearing, [ECF No. 493]. For the reasons stated below, Defendant's Appeal, [ECF No. 482], is DENIED, and Defendant's motion for a hearing, [ECF No. 493], is DENIED as moot.

**I.    Relevant Factual and Procedural Background**

The factual and procedural background has been accurately described by the parties in their respective filings relative to this appeal, see [ECF No. 482 at 2–3; ECF No. 483 at 1–2], and this background will not be recited again here, except as needed for clarity.

In May 2023, Magistrate Judge Levenson entered an Order Setting Conditions of Release that required Newton to, among other things, wear a location monitoring device and remain in her home unless she provided notice to and received preapproval from the Probation Office for

1

travel to medical appointments, meetings with counsel, and weekly attendance at her church. [ECF No. 357].

On July 21, 2023, Newton moved to modify the conditions of her release to remove the conditions that she be subject to location monitoring technology and home confinement. [ECF No. 455]. She argued that (1) she has consistently attended court hearings and trial and will continue to be present without any conditions, (2) her tracking device causes pain for which she has required physical therapy, (3) her tracking device has impacted her mental and emotional health because it is exposed when she attends church, and (4) she continues to challenge the government's accusations and "has no incentive to flee and be a fugitive [for] the rest of her life." [ECF No. 455 at 3–4].

Judge Boal denied the motion on August 14, 2023, after a hearing, specifically finding that

> [t]he decision to release Ms. Newton was a close call as evidenced by the multiple prior decisions denying her motions for release. Further, the home incarceration and electronic monitoring conditions were crucial to this Court's decision to release Ms. Newton and the reasons provided for her request to remove those conditions are not persuasive.

[Order]; see [ECF No. 475].

Newton appealed the order on August 22, 2023. [Appeal]. The government opposed on August 28, 2023, [ECF No. 483], and Defendant filed a reply on October 17, 2023. [ECF No. 492]. On October 30, 2023, Defendant filed an assented to motion for a hearing regarding her appeal. [ECF. No. 493].

## II.     Discussion

The parties here apparently dispute whether review of the Magistrate Judge's order is *de novo*, [Appeal at 3], or something "between using a 'clearly erroneous' standard and holding a *de*

2

*novo* hearing." [ECF No. 483 at 2–3].  The Court affirms Magistrate Judge's Order under either standard.

Between January and April 2023, Newton successfully moved for release from detention by arguing that the very conditions of release at issue here were appropriate.  [ECF No. 284 at 2; ECF No. 324 at 2; ECF No. 328 at 13].  The Magistrate granted that motion, [ECF No. 340], the government appealed, and this Court affirmed, [ECF No. 350].  There, this Court performed a *de novo* review and found that release under strict conditions was appropriate because, among other things, (1) "the large sum of money at issue in this case and the fact that those funds might be available to Newton to finance her flight have always supported detention and arguably still do," [id. at 4], (2) the Court assumed for purposes of the motion that "the evidence against Newton is strong," [id.], (3) her "mental and physical health ha[d] deteriorated" while in custody, [id.], (4) that "the punishment that could follow a conviction would be less onerous arguably lessen[ed] her incentive to flee," [id. at 5], and (5) "strict release conditions c[ould] assure Newton's presence at [relevant] proceedings," [id.].[1]  Days later, Magistrate Judge Levenson entered the Order Setting Conditions of Release setting the conditions at issue.  [ECF No. 357].

---

[1] A defendant must be detained pretrial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

Here, Newton apparently argues that circumstances have changed because (1) she "has proven to be a reliable courtroom attendee," [Appeal at 3], (2) the government's case is not as strong as it suggests, [id. at 5–7], (3) her GPS monitoring bracelet causes her pain and has impacted her mental and emotional health, [id. at 7–8]; see also [ECF No. 492 at 1–2], (4) she is not a flight risk because she is a United States citizen, "[h]er life and community are here," and "flight would require her to spend the rest of her life as a fugitive and subject her to even harsher penalties if she were apprehended," [Appeal at 8], and (5) "[c]ontinuous home confinement makes securing a job impossible," and she "and her husband have minimal assets available to them and their children for basic needs."[2]  [ECF No. 492 at 2].

Like Magistrate Judge Boal, the Court finds that these purportedly changed circumstances are not sufficiently persuasive to change the Court's original decision to release Newton on the very conditions that she argued were appropriate.  See [Order; ECF No. 284 at 2;

---

community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  To warrant detention, the government must prove: (1) by a preponderance of the evidence that Newton poses a risk of flight, or (2) by clear and convincing evidence or that she is a danger to the community.  See United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir. 1991); see also United States v. Debrum, No. 15-cr-10292, 2015 WL 6134359 at *4 (D. Mass. Oct. 19, 2015) (citing Patriarca, 948 F.2d at 792–93).

[2] Just as the Court has allowed Newton to leave her house for medical appointments, to meet with counsel and to attend church, the Court is willing to allow Ms. Newton, with the permission of Probation, to leave her home to work, albeit with the bracelet on.

ECF No. 324 at 2; ECF No. 328 at 13; ECF No. 357].  Accordingly, the Court finds that Newton still poses a risk of flight and the existing conditions of release are appropriate in light of that risk.

### III. Conclusion

For the foregoing reasons, the Defendant's appeal of Judge Boal's Order, [ECF No. 482], is DENIED, and Defendant's motion for a hearing, [ECF No. 493], is DENIED as moot.[3]

**SO ORDERED.**

Dated: November 6, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE

---

[3] Although a detention order under 18 U.S.C. § 3142(g) may require a hearing, review of a magistrate's detention order does not.  See 18 U.S.C. § 3145; see also United States v. Mubarak, No. 20-cr-10300, 2021 WL 242049, at *3 (D. Mass. Jan. 1, 2021) ("The Court need not [] conduct a hearing" for a review under § 3145).