UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>FAITH NEWTON,<br><br>Defendant | Case No. 21-CR-10035-ADB |

**GOVERNMENT'S MOTION *IN LIMINE* TO
EXCLUDE IRRELEVANT EVIDENCE AND
ARGUMENTS IN SUPPORT OF JURY NULLIFICATION**

The government respectfully renews its motion *in limine* to preclude the Defendant from offering any evidence or making any argument to invite the jury to ignore this Court's instructions on the law and to decide this case based on other, improper, considerations. The government first brought this motion in advance of the prior trial in this matter, which resulted in a mistrial. *See* ECF No. 382. The Court denied that motion as moot, with the understanding that "Defendant's counsel will provide notice to the Court and the Government before eliciting any impacted testimony." ECF No. 386.

Nevertheless, the defense offered three categories of irrelevant evidence and improper argument in the prior trial: *first*, argument that this case should have been brought as a "civil case," rather than a criminal case (a centerpiece of the defense closing); *second*, evidence of audits of, and penalties paid by, other home health agencies; and *third*, evidence and argument that Arbor nurses were "good nurses" in the opinion of witnesses. As further set forth below, these arguments are improper, and the evidence to support them is irrelevant. The government moves to exclude such arguments and evidence from the upcoming retrial.

1

*First*, the defense argument that this case should have been brought as "a civil case" is an improper argument based on punishment. As the United States Supreme Court has stated, "[i]t is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994). This Court did just that, appropriately instructing the jury that "[t]he question of possible punishment of a Defendant should not, in any sense, enter into or influence your deliberations."

Yet the defense made the question of possible punishment the centerpiece of its closing argument:

- "And whether [Arbor] complied with the MassHealth contract, that's a question of contract. If MassHealth thinks Arbor didn't comply with that contract, that's a civil case. End of story." 7/7/23 Trial Tr. 56:19-22.
- "The question of whether she complied with the contract is a civil issue. It's not a criminal one." *Id.* at 57:17-20.
- "The government is trying to make a criminal case from a civil question of whether state regulations were followed." *Id.* at 70:24-25.

In other words: acquit the Defendant because her punishment should be limited to a civil lawsuit. Disregard the elements and acquit the Defendant because MassHealth should have just asked her to pay back the millions of dollars she stole (and never mind the fact that she did not pay any of that money back). That is an improper nullification argument, and the defense should not be permitted to do it again.

*Second*, evidence of enforcement efforts relating to other home health agencies—including audits by MassHealth—is irrelevant to the question of this Defendant's guilt. Yet this was another focus of the defense throughout the prior trial:

- During the cross-examination of Cindy Gavin, an employee of Nizhoni (another home health agency), the defense asked: "Isn't it true that, in 2016, Nizhoni was found to have improperly billed 8 million to MassHealth?" (The witness did not know.) 7/5/23 Trial Tr. 174:8-15.

- During the cross-examination of HHS-OIG Special Agent Scott Wisnaskas, the defense sought to elicit evidence of news reports that other home health agencies overcharged MassHealth for services and that "[t]he state plans to recoup the charges from each company pending appeals." 7/6/23 Trial Tr. 65:8-23.

- During the cross-examination of Ashley Serafim, a representative of billing company Atiis, the defense sought to elicit evidence that other home health agencies "were audited and they had to pay money to MassHealth or to the state[.]" 7/6/23 Trial Tr. 104:3 – 106:2.

What happened with other home health agencies is irrelevant to what this Defendant did, and irrelevant to whether the evidence has proven the elements of the charged offenses. "Everyone was doing it" is not a valid defense. *See United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (holding that "only [the defendant's] actions and state of mind were material to her guilt" and the mere fact "that others may have been the beneficiaries of improper conduct does nothing to excuse [the defendant]," and also concluding that such evidence was properly excludable under Rule 403 because it was likely to create a "sideshow from which the jury could have gleaned little valuable information"); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976,

991 (7th Cir. 1999) (concluding district court correctly excluded evidence of industry custom and practice; "To the extent the district court excluded evidence based on a fear that the jury might find [the defendant] not guilty because "everyone does it," its decision was correct."); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) (en banc) ("Even a universal industry practice may still be fraudulent."); *United States v. Fowler*, 932 F.2d 306, 315-16 (4th Cir. 1991) (affirming district court's exclusion of testimony supporting "the everybody-does-it defense" as irrelevant); *United States v. Mahaffy*, 2007 WL 1213738, at *3 n.5 (E.D.N.Y. Apr. 24, 2007) (noting that evidence relating to industry practice "is entirely irrelevant and improper" because "[i]ndustry practice is not a defense to fraud"); *United States v. Slapo*, 285 F. Supp. 513, 513-14 (S.D.N.Y. 1968) ("[W]e have not yet reached the point, at least in this court's view, where an industry custom and practice serves to repeal criminal laws.").

Nor is this relevant to the Defendant's intent: even if there were admissible evidence that the Defendant genuinely believed that her punishment for fraud would be limited to repaying the stolen money—and there is not—such evidence would not negate her intent to defraud. Such evidence has no proper purpose, and it should not be permitted in the retrial.

*Third*, evidence that Arbor nurses conducted home health visits and were "good" nurses is irrelevant to the fraud charges here, and should be excluded under Federal Rules of Evidence 402 and 403. Billing for the services rendered to some patients, on some occasions, does not justify billing for services that were ***not*** provided to other patients. *See, e.g., United States v. Glazer*, 850 Fed. Appx. 488, 492 (9th Cir. 2021) (holding that district court in health care fraud case "did not abuse its discretion by excluding evidence of 'legitimate' medical services outside of the counts in the indictment, because '[a] defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions'") (quoting *Herzog v. United*

*States*, 226 F.2d 561, 565 (9th Cir. 1955)); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding evidence of legitimate billings in false claims act case because it was irrelevant that the defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Schena*, No. 20-CR-00425, 2022 WL 2910185, at *4 (N.D. Cal. July 23, 2022) ("evidence of legitimate billing or other good conduct is irrelevant to Defendant's intent and is impermissible character evidence").

In *United States v. Kinrys*, 1:20-cr-10307-DJC, Dkt. #167 (Oct. 13, 2023), another session of this Court held that "evidence of [defendant's] 'general good character and good services' to patients or subsequent provision of services to patients for which he falsely billed is not permissible." *Id.* The Court added: "As to the general character and good service, such is not proper character evidence." *Id.*, *citing* Fed. R. Evid. 404(a); *Marrero*, 904 F.2d at 250; *United States v. Washington*, No. 21-cr-00603-VEC, Dkt. #1038, at 20 (S.D.N.Y. Sept. 15, 2023) (excluding evidence "concerning specific instances of good conduct, including legitimate submissions to the [Health & Welfare Benefit] Plan" and noting that "a defendant may not affirmatively try to prove his innocence by reference to specific instances of good conduct") (internal citation omitted).

In the prior trial, the defense elicited this type of evidence. For instance, during the cross-examination of former Arbor employee Amanda Muchioki, the defense elicited that the Defendant "was concerned that the patients get their coverage," and that she thought that "some of the nurses" she worked with at Arbor were "quite good." 6/28/23 Trial Tr. 169:16-170:1. The defense went on to ask Ms. Muchioki about specific nurses to make the same point, closing with: "Q. But is it fair to say that, to your knowledge, a lot of these people were doing the services for patients were doing a good job? A. Yes, that I'm aware of." *Id.* at 171:3-6.

This evidence is irrelevant to the fraud and money laundering charges in this case. There is no proper purpose for it; such evidence only confuses the issues and encourages nullification based on sympathy.

| | |
|---|---|
| Date: January 2, 2024 | Respectfully submitted,<br><br>UNITED STATES OF AMERICA,<br><br>JOSHUA S. LEVY<br>Acting United States Attorney<br><br>/s/ William B. Brady<br>WILLIAM B. BRADY<br>CHRISTOPHER R. LOONEY<br>Assistant U.S. Attorneys<br>1 Courthouse Way<br>John Joseph Moakley U.S. Courthouse<br>Boston, MA 02210<br>(617) 748-3100<br>William.Brady@usdoj.gov<br>Christopher.Looney@usdoj.gov |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ William B. Brady
William B. Brady
Assistant United States Attorney

Dated: January 2, 2024