UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, |
| Plaintiff |
| v. |
| FAITH NEWTON, |
| Defendant |

Docket No: 1:21-CR-10035-ADB/GAO

### AFFIDAVIT OF DEFENDANT PURSUANT TO 28 U.S.C. § 144

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him/her or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings (28 U.S.C. § 144). Because District Judge Allison Burroughs has not formally recused from the referenced matter, but has "transferred" the matter in violation of Local Rules and due process, the Affiant intends this affidavit to apply to both District Judge Allison Burroughs and District Judge George O'Toole.

NOW COMES, Faith Newton, the Defendant in the above-captioned matter, and the Affiant herein, and deposes and states that District Judge Allison Burroughs and District Judge George O'Toole have a personal bias against her, and in favor of the government, likely developed as a result of both conscious and unconscious retaliation stemming from the Affiant's filing of criminal complaints of fraud against them for their alleged role(s) in a criminal conspiracy to commit fraud on the court as well as for their respective role(s) in an alleged conspiracy to deprive Ms. Newton of her rights under the color of law and in violation of 18 U.S.C. § 241 and 18 U.S.C. § 242.

Additionally, the Affiant's filing of formal judicial complaints against both District Judge O'Toole and District Judge Burroughs results in personal bias against her that is evidenced by the circumstances surrounding Judge O'Toole's "return" to this case under docketed false pretenses.

### Personal Bias – District Judge George O'Toole

The personal bias against the Affiant by District Judge O'Toole, who recused from the above-captioned matter more than 18 months ago but who continues to issue prejudicial rulings impacting

1

the matter and preside over the matter rather than submit the case for reassignment, despite his awareness of his existing docketed order of recusal [ECF 288] is evident.

Judge O'Toole's refusal to exit the case despite his recusal provides probable cause to believe he may be involved in a cover-up related to the Affiant's allegations of fraud on the court and is actively engaged in an act intended to obstruct justice by actively working to prevent my case from being randomly reassigned to a "non-conspiring" district judge, the likes of which would likely lead to the discovery of the conspiratorial and criminal acts of fraud alleged by the Affiant.

Judge O'Toole's insistent rulings impacting a case in which he recused can serve no lawful purpose under the circumstances. As such, Judge O'Toole's rulings in the matter despite his recusal establishes probable cause of criminal intent under the common law doctrine of *res ipsa loquitur*. The prejudice against the Affiant of a judge engaged in a criminal conspiracy against her is inherent to the allegation and requires no additional explanation.

**Personal Bias – District Judge Allison Burroughs**

The personal bias against the Affiant by District Judge Allison Burroughs are similarly rooted in and stem from allegations of fraud on the court and allegations of criminal conspiracy against the Affiant specifically intended to deprive her of her rights under the color of law.

In addition to criminal allegations supported by evidence of probable cause, the Affiant asserts that ex parte communications between the Acting United States Attorney for the District of Massachusetts, Joshua Levy ("Acting USA Levy") and District Judge Burroughs prove a relationship of a personal nature, the full extent of which remains undisclosed by Judge Burroughs on the record (see attached letter from AUSA Tobin to then defense counsel Attorney George Vien stating that correspondence, except for the brief exchange contained in the screenshot of messages, was not related to any case).

That relationship has contributed, at least in part, to a knowingly false filing to the court by the government (AUSA Hemani and AUSA Tobin) seemingly under the order of Acting USA Levy [ECF 342], of which the true cause of the filing was revealed in ex parte text message communications: "MPK (Magistrate Paige Kelley) did not release her." Magistrate Kelley recused herself from this matter on March 7, 2023 [ECF 307], approximately six weeks BEFORE Acting USA Levy texted Judge Burroughs stating that the government was appealing because the Affiant

2

was released by Magistrate Boal and not Magistrate Kelley, further indicating undue influence surrounding my extended pretrial detention and release.

Judge Burroughs, aware of the intentionally false appeal filing, under false pretenses, alleging "flight risk," took no action. Judge Burroughs was the recipient of the text message stating the true reason for the filing of the government's appeal of my release from pretrial detention, that being my release by someone other than Magistrate Kelley. That fraudulent appeal filing by the government resulted in my pretrial detention for an additional 28 days until May 19, 2023, despite an Order issued by Magistrate Judge Boal releasing me on April 21, 2023 [ECF 340].

Judge Burroughs, aware that the government appealed for an unlawful reason indicating undue influence because "MPK did not release her" as texted to her by Acting USA Levy on April 29, 2023, did not deny the government's knowingly fraudulent appeal of my release from detention until May 15, 2023 [ECF 350].

Although Judge Burroughs supports "strict conditions" of my release in her denial of the government's fraudulently filed appeal on May 15, 2023 [ECF 350] stating "Judge Boal has outlined her thoughts on release conditions in her Order and this Court agrees that strict conditions should be set given the financial resources that might be accessible to Newton and the incentive to flee given the possibility of a conviction and, in that event, further incarceration," Judge Burroughs later contradicts herself in her order denying my motion to recuse where Affiant exposes additional criminal activity by the court and provides email attachments to support probable cause to believe that Judge Burroughs and Attorney Vien engaged in a conspiracy to defraud the United States in violation of 18 U.S.C. §371 by allowing for the billing of government CJA funds to which Attorney Vien is otherwise not entitled [ECF 800].

In her denial of Affiant's motion to recuse exposing yet another conspiracy to defraud, Judge Burroughs states "Defendant's new arguments regarding her CJA counsel amount to nothing more than improper speculation not borne out on the record and do not support recusal…" [ECF 800] Importantly, Judge Burroughs appointed highly-paid, privately retained counsel as CJA counsel, and in doing so, contradicted her reasoning for the need for "strict conditions" as stated in [ECF 350] by determining the Affiant to be financially qualified for CJA appointed counsel and without the stated alleged assets abroad cited repeatedly to both detain the Affiant, pretrial, for 27 months,

and most recently cited as the reason to prevent my travel to attend funeral services of my father-in-law,.

Judge Burroughs either ordered "strict conditions" of my release (including home incarceration that prevented me from working) based on undue influence, meant to be intentionally harsh and financially harmful, and for reasons other than those stated in her order at [ECF 350] relating to alleged assets abroad, or she engaged in criminal conspiracy to defraud the United States in violation of 18 U.S.C. §371 by appointing defense counsel as CJA counsel for which she believed the Affiant did not financially qualify, in order to specifically allow him to collect funds from the government/CJA funds to which he was not otherwise entitled, for reasons unknown, but assumed to be payment for his part in the fraud on the court intended to fraudulently convict me and steal assets under the color of law, disguised as a legal forfeiture.

In addition to the above, the Affiant, Faith Newton, in good faith, also deposes the following:

1. I am the Defendant in the above-entitled action, and that Judge George O'Toole ("Judge O'Toole"), District Judge of the U.S. District Court for the District of Massachusetts, before whom the present action is pending, and Judge Allison Burroughs, District Judge of the U.S. District Court for the District of Massachusetts, trial judge and randomly assigned but who has not formally recused [ECF 288 and 289], are prejudiced against me to such an extent that I cannot receive a fair and impartial ruling, hearing, trial, or sentencing before them.

2. Judge O'Toole, having been originally assigned as presiding district judge in the above-entitled matter since inception on January 28, 2021 [ECF 5] presided over the criminal matter and issued several rulings before his recusal from the case two years later on February 10, 2023 by electronic order docketed in [ECF 288] citing Local Rule 40.1 as his reason for recusal, just 120 days before trial began on June 26, 2023 [ECF 412].

3. Because Judge O'Toole was the presiding district judge in the above captioned matter for more than two years, standard procedure allows for his recusal only if a significant/severe conflict of interest exists that cannot be waived by the defendant. In the absence of any explanation for his recusal, Affiant assumes a significant conflict of interest existed for which the impact on Judge O'Toole's early participation in this case has not been determined by this or any court.

4

4. The significant conflict of interest requiring Judge O'Toole to recuse from the matter after more than two years has not been disclosed to the defendant nor has it been explained or disclosed in any formal court filing or order.

5. There is probable cause to believe that Judge O'Toole was made to recuse as the result of an investigation of the above-entitled action for fraud upon the court being led by then United States Attorney for the District of Massachusetts, Rachel Rollins. Between February 10 2023 and May 23, 2023, District Judge O'Toole, Magistrate Judge Kelley, and the two prosecuting Assistant United States Attorneys all recused from this case.

6. The secrecy surrounding the cause of and reasons for Judge O'Toole's recusal provides further cause for concern of extreme bias due to undue influence, raises questions of judicial integrity, and raises considerable questions about undue influence upon this court's early rulings, including those to detain the defendant, pretrial, for 28 months, in a maximum security detention facility during the COVID-19 pandemic when thousands of others were being released under the CARES ACT in recognition of the significantly increased risk to detainee's health.

7. Upon Judge O'Toole's recusal documented in the case file by electronic order in [ECF 288], the case was ordered to be entered into the assignment wheel to be randomly reassigned. This is the basis for allegations of Judge Burroughs's intentional entry of a knowingly false judicial order in [ECF 801].

8. On February 10, 2023, the above-captioned matter was supposedly randomly reassigned to District Judge Alison Burroughs as documented by Clerk Mary Finn in [ECF 289].

9. There is probable cause to believe that Judge Burrough's assignment to the case was not random. Rather, Judge Burroughs appears to have been specifically selected by Judge O'Toole, after his forced recusal, to ensure the above-captioned matter remained within the control of co-conspirators engaged in the fraud upon the court. A review/investigation of internal "wheel assignments" is necessary to determine if random assignments are being carried out in accordance with Local Rules and according to policies and procedures of the Administrative Offices of the U.S. Courts and to determine if assignment to Judge Burroughs after Judge O'Toole's recusal was, in fact, random.

10. Approximately three months after Judge O'Toole was made to recuse, on or about May 15, 2023, then United States Attorney for the District of Massachusetts, Rachel Rollins, resigned from the Department of Justice. There is probable cause to believe that the likely investigation of the above-

5

captioned matter was dropped by her appointed replacement, Acting United States Attorney for the District of Massachusetts, Joshua Levy ("Acting USA Levy"), resulting in the allowance of the continued prosecution of the Affiant without any further investigation into the fraud on the court. Acting USA Levy is later implicated in this fraud as the result of disclosure of ex parte communications between him and District Judge Burroughs.

11. On or about April 29, 2023, two weeks before Rachel Rollins resigned, Acting USA Levy, then in the position of First Assistant to the United States Attorney for the District of Massachusetts, engaged in unlawful ex parte communications by text message with newly assigned District Judge Burroughs regarding both matters of a personal nature as well as matters pertaining to the pretrial jailing of the defendant. (See docketed letter by AUSA Tobin to defense counsel George Vien disclosing a snippet of the conversation relating to the defendant's pretrial detention and release). The irony of Acting USA Levy's then use of a departmental cell phone to carry on an ex parte conversation of a personal nature with a sitting district judge, to also include inappropriate discussion of my release from pretrial detention and provide documentation exposing the government's fraudulent filing of an appeal of my release, all taking place simultaneous to the lambasting of his then embattled superior, Rachel Rollins, for similar use of her personal cell phone to carry on department business (among other stated claims), should not be lost on this court.

12. The text message conversation between District Judge Alison Burroughs, who appears to have been Judge O'Toole's "hand-selected, and cherry-picked replacement judge" (and co-conspirator) and then First Assistant to the United States Attorney for the District of Massachusetts was required to be disclosed to the defendant's then defense counsel, Attorney George Vien, presumably by Rachel Rollins, just before her resignation. Inexplicably, Attorney Vien took no action to ensure the defendant's right to fair trial nor did he disclose to the Affiant, his client, that the ex parte communication disqualifies Judge Burroughs from her case. Importantly, Attorney Vien is later appointed CJA counsel, after being paid $450,000 for criminal representation, specifically to allow him to draw government funds, possibly in exchange for his agreement to not publicly disclose the ex parte communication and ultimately, resulting in the involvement of defense counsel in the fraud on the court and the conspiracy to deprive me of my rights under the color of law, contributing to my unlawful conviction to cover-up the theft of my assets disguised as legal forfeiture.

13. Recognizing the conflict of interest and experiencing what I believed to be bias and violation of my First Amendment Right to grieve the government, I filed a Pro Se Report to the Court and Motion to Recuse the Judge on April 7, 2023 [ECF 332]. Where English is not my first language

6

and where I have no formal training in the law, I attempted to request that Judge Burroughs recuse from my case due to the conflict of interest. Judge Burroughs denied my motion and my request and continued to preside over the above captioned matter despite her disqualification under Title 28 Rules of Judicial Misconduct Judge Burroughs remained in my case, despite her disqualification as a result of ex parte communications with Acting USA Levy and her undisclosed personal relationship with Mr. Levy, issuing extremely biased rulings intended not to effectuate the legitimate actions of the court, but rather to advance the fraud on the court being carried out by participating co-conspirators under the color of law.

14. Fully aware of her disqualification, Judge Burroughs continued to preside over all matters in the above captioned criminal case, until September 3, 2024 when she seemingly "returns" the matter to Judge O'Toole, under false pretenses, and with probable cause to believe the transfer was unlawful and made under false pretenses for the reasons stated below in #14 and #15, claiming "This matter having been initially drawn to Judge O'Toole, and subsequently reassigned to Judge Burroughs for purposes of trial, it is now returned to Judge Otoole for sentencing and further proceedings." [ECF 801].

15. Judge Burroughs's "transfer" of the case "back to Judge O'Toole" came just days after ruling to DENY my motion to Request a New Trial based on judicial misconduct (failure to disclose and failure to disqualify despite ex parte communication) and after she DENIED my Motion for Recusal where I alerted Judge Burroughs to a formal Judicial Complaint against her, described her misconduct, provided evidence of misconduct in the form of attachments and noted the law requiring her disqualification as a result of the ex-parte communications. That motion further requested that all activity from the date of the ex parte communication forward (April 29, 2023 – September 3, 2024) be stricken from the record.

16. Judge Burroughs denial of the Affiant's initial motion for recusal docketed on April 7, 2023 also provides proof of her willingness to docket knowingly false judicial orders by claiming "Defendant has not demonstrated a cognizable reason for recusal pursuant to 28 U.S.C. §455, and the Court knows of no reason why its "impartiality might be reasonably questioned." Judge Burroughs knew or should have known that a cognizable reason for recusal is not required pursuant to 28 U.S.C. §455, but that the appearance of conflict is enough to require recusal. Further, Judge Burroughs stated in a judicial order that she knows of no reason why impartiality might be questioned, while she was engaging in ex parte communications with the government, specifically Acting USA Levy.

7

Judge Burroughs's gamesmanship of the law and intentional falsehoods give rise to considerable bias toward the government.

17. Judge Burroughs committed further misconduct by ruling to deny motions with legal argument including HER OWN MISCONDUCT and to deny my motions to disqualify the government (her co-conspirator(s)) (See Motion to Disqualify the Prosecutor and the Department of Justice (DOC 777); Motion for Recusal (DOC 797); Motion for New Trial (DOC 770); and Motion to Arrest Judgment (DOC 774).

18. The inherent bias of a judge ruling on motions citing her own misconduct as reason for the request speaks for itself, is highly unethical, violates Section 455, provides probable cause to believe Judge Burroughs may be involved in conspiratorial acts including fraud upon the court and causes the public to question the integrity of the bench.

19. As of the date of this filing, and despite the requirement to due so pursuant to the Rules of Judicial Misconduct, Judge Burroughs has not formally recused from the above referenced criminal matter. Failure to recuse/disqualify, itself, constitutes cognizable judicial misconduct. Transfer of my case under false pretenses and the issuance by the sitting trial judge of a knowingly false order to the docket, as evidenced by [ECF 801], is a serious abuse of office, abuse of power, and abuse of process and calls for immediate action by this court to report the unlawful behavior.

20. Failure of this court to report Judge Burroughs's unlawful and unethical behavior results probable cause to believe that Judge O'Toole has engaged in the unlawful behavior of aiding and abetting and further emphasizes the disqualification and extreme personal bias against the defendant by this court.

21. Despite ruling to DENY my Motion for Recusal on August 29, 2024 [ECF 800] stating "Defendant's arguments, largely duplicative of those made in her post-trial motions see [ECF nos 770,774,777] do not support a finding of actual bias under 28 U.S.C. § 144 or call into question this Court's impartiality under 28 U.S.C. § 455..." Judge Burroughs "reassigned" the case back to Judge O'Toole (who recused 18 months prior in February 23, 2023 on Docket No. 288) under false pretenses.

22. In her ruling at [ECF 800], Judge Burroughs correctly cites 28 U.S.C. § 455, no longer claiming the knowingly false need for "cognizable reason" pursuant to 28 U.S.C. § 455 that she incorrectly claims in [ECF 338]. Judge Burroughs's gamesmanship of the law is pervasive throughout the docket and her seemingly intentional misuse of the law is intended to provide "plausible deniability" for her knowingly false orders.

23. Judge Burroughs's stated reasons for "return" of the matter to Judge O'Toole directly contradict an order of this court, issued February 10, 2023, by Judge O'Toole in [ECF 288] "ORDER OF RECUSAL. Pursuant to Local Rule 40.1, I recuse myself from participation in his matter as to Faith Newton and direct the Clerk to reassign the case randomly to another District Judge."

24. Judge Burrough's stated reasons for "return" of the matter to Judge O'Toole also directly contradicts Clerk Mary Finn's docket text in [ECF 289] stating "Notice of Reassignment as to Faith Newton. Judge Allison D. Burroughs added. Judge George A. Otoole, Jr. no longer assigned to case."

25. Although the Affiant and her co-defendant never severed, Judge O'Toole appeared to recuse only from "matters as to Faith Newton," while attempting to remain in the case by "keeping" the Affiant's co-defendant (See for example[ECF 321] and [ECF 515]. The unprecedented nature of remaining in a case in which he recused violated the Affiant's right to due process and provides probable cause to believe that some undue influence is impacting this court's decision-making regarding recusal and case assignments. The "transfer and reassignment" of matters pertaining to the Affiant back to the originally recused Judge O'Toole only further emphasizes the likelihood of undue influence on the case assignment.

26. There is no indication of assignment to Judge Burroughs's "only for purposes of trial" as she claims in [ECF 801] and her unlawful abdication of duty and abuse of process used to "return" the matter to Judge O'Toole under false pretenses using an intentionally fraudulent judicial order violates due process, violates local rules, and provides probable cause to believe the trial judge, Judge Alison Burroughs, made intentionally false claims on the docket to create an (unlawful) excuse to leave the case without issuing a formal order of recusal. There is probable cause to believe that Judge Burroughs's refusal to issue a formal recusal is an attempt to avoid a resurrection of an investigation of fraud upon the court that caused Judge O'Toole to recuse from this matter in February 2023, and is equally intended to avoid the likely striking of the record of all matters since her disqualification

in April 2023, including the due process violations of trial that allowed for my clearly wrongful conviction when the evidence is reviewed.

27. Judge Burroughs's willingness to file a knowingly false Judicial Order (Electronic Order [ECF 801]) to my case docket constitutes an egregious abuse of office, calls into question all matters over which she has presided and raises considerable questions relating to all orders she issued in this criminal matter as well as others. A district judge's willingness to issue false judicial orders is a serious matter for which this court has an obligation to report.

28. This court's (Judge O'Toole's) seeming "acceptance" of the false "return and reassignment" of this case in violation of due process and violation of Local Rule 40.1, after his recusal [ECF 288] citing the same rule that he now intentionally violates, requires disqualification pursuant to Title 28 Rules of Judicial Misconduct.

29. Judge O'Toole's silence and refusal to disqualify, despite the knowingly false pretenses alleged by Judge Burroughs in her docketed electronic order under which he accepted reassignment of this case on September 3, 2024 (See [ECF nos 288, 289, 801, 802]) constitutes cognizant misconduct and provides probable cause to believe that Judge O'Toole is currently engaged in aiding and abetting fraud on the court and obstruction of justice by "accepting" a case he recused from in an effort to "hide" the fraud committed by the district court against me which would undoubtedly be discovered should my case be randomly reassigned to a non-conspirator.

30. Judge O'Toole has never exited the above referenced matter, despite his recusal, giving further credence to the Affiant's allegations of fraud on the court and Judge Burroughs's and Judge O'Toole's participation in that fraud steal the Affiant's assets under the color of law.

31. Judge O'Toole committed cognizable misconduct by accepting "reassignment" of my case under false pretenses and in violation of Local Rules and in violation of process and procedures set forth by the Administrative Offices of the U.S. Courts, by allowing the filing of a motion by a non-party in the matter that was unlawfully "reassigned," in violation of my constitutional right to due process, and by <u>issuing a ruling on that motion after his recusal from the matter nearly 18 months ago.</u> [ECF No. 809]   ** The docket text of said motion intentionally misleading "Motion to travel Temporary Use of Passport as to Faith N. Newton" to indicate that I am making the request and not my innocent and unindicted spouse whose passport is being illegally held in violation of federal law. The intentionally misleading docket text in [ECF 809] provides probable cause to believe that

those involved in the taking and holding of my spouse's passport know that it is unlawful and are attempting to hide the unlawful conduct from the public.

32. Previously told that a judge must grant case-by-case permission to allow me to file electronically to the docket, Judge O'Toole has seemingly granted permission for a non-party (Ingrid Martin) to file electronically in this case [See ECF 809]. The court's taking and keeping of my innocent spouse's passport without any valid legal grounds provides probable cause to believe that the court and its officers have engaged in a campaign of harassment against the Affiant, providing further evidence of extreme bias against her and providing cause to believe that the court and its co-conspirators have engaged in unlawful conspiracy against the Affiant and her immediate family members.

33. Judge O'Toole, having recused "...from participation in this matter as to Faith Newton..." on February 10, 2023, Docket No. 288 committed cognizable misconduct by issuing a ruling denying my Emergency Motion to Request Travel to Attend Funeral Services of an immediate family member, ignoring his recusal from this case and the circumstances that required it, resulting in his disqualification in this matter. [ECF 810]

34. Judge O'Toole's willingness to violate the Judicial Code of Ethics and the Rules of Judicial Misconduct by knowingly and willfully issuing a ruling pertaining to the Affiant, Faith Newton, in a case in which he recused 18 months ago without explanation, constitutes cognizable misconduct and raises questions of undue influence and appearance of conflict in ALL cases relating to the Affiant over which Judge O'Toole currently presides.

35. Judge O'Toole, assigned district judge presiding over a related civil forfeiture case number 1:21-CV-10156, issued a ruling in the related civil case to deny [ECF 73] my motion requesting release of funds to hire counsel [ECF 58] needed to defend me in the above-referenced criminal matter. Judge O'Toole ignored case law and precedent set by the Supreme Court in Luis v. United States and in doing so, violated my Sixth Amendment right to counsel. His ruling directly impacted my defense against the criminal charges in this matter – a matter in which he recused in February 2023, but for which he issued a major ruling impacting the case and my ability to defend against the charges anyway.

36. Judge O'Toole's failure and refusal to provide an explanation of why he recused from this matter in February 2023, and failure to explain why the conflict requiring his recusal 18 months ago is

11

supposedly no longer a conflict now such that he is now eligible to rule, and failure to explain why he would maintain control of the sentencing of my co-defendant, also a cooperating witness for the government, after recusal, knowing that my co-defendant has not severed, resulting in assignment of the case to two district judges simultaneously., and his failure to acknowledge on the record why he would accept "return and reassignment" of this matter under knowingly false pretenses given his order of recusal and random reassignment [ECF 288 and 289], gives further credence to the Affiant's claims of judicial participation in a fraud on the court solely intended to achieve a wrongful conviction in order to steal assets totaling nearly $20 million dollars under the color of law.

The Affiant, Faith Newton, hereby states that this affidavit is made and submitted in good faith. For all of the above reasons, and for reasons known only to those participating in the fraud being carried out against the Affiant under the color of law, and pursuant to 28 U.S.C. § 144, District Judge Allison Burroughs and District Judge George O'Toole shall proceed no further herein, but another judge shall be assigned to hear all future proceedings.

I declare and affirm that the above statements are truthful to the best of my knowledge and are made in good faith.

Affiant's Signature _____*Newton*_____
Faith Newton, Defendant, Affiant

DATE: 8/26/24